UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRIVLY DOBBINS,

       Plaintiff,                        No. 19-10546

v.                                   District Judge Paul D. Borman
                                         Magistrate Judge R. Steven Whalen

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA,

       Defendant.
_____/

**REPORT AND RECOMMENDATION**

On October 29, 2013, I entered an order granting Defendants' Motion for Order Requiring Dr. Aamer Farooki and his Records Custodian to Show Cause Why They Should Not be Found in Contempt of Court [ECF No. 28], and Defendants' Motion for Order Requiring Silver Pine Imaging and its Records Custodian to Show Cause Why They Should Not be Found in Contempt of Court [ECF No. 26]. *See Order*, ECF No. 40. I ordered Dr. Farooki and the records custodians to appear before me on November 8, 2019 at 11:15 a.m. The order directed the production of Plaintiff Trivly Dobbins medical records, and included the following language:

> "If Dr. Aamer Farooki and his records custodian and the records custodian of Silver Pine Imaging fail to appear at the show cause hearing, he/she/they may be sanctioned for contempt of court. Sanctions may include monetary penalties as well as jail." *Id*.

Counsel for Defendants appeared for the hearing. Dr. Farooki, his records custodian, and the records custodian of Silver Pine Imaging did not.

The directives of this Court requiring the appearance of individuals and the production of documents are called "orders," not "suggestions," and the disregard of these orders is of great concern. Therefore, pursuant to 28 U.S.C. § 636(e)(6)(B), I certify the following facts, and recommend that Dr. Farooki, his records custodian, and the records custodian of Silver Pine Imaging be ordered to appear, at a date certain, before the District Judge to show cause why an order of contempt or other sanctions should not be entered against them.

## I. CONTEMPT PROCEDURE UNDER FEDERAL MAGISTRATE JUDGES ACT

Except in cases where a United States Magistrate Judge exercises consent jurisdiction in a civil case under 28 U.S.C. § 636(c) or misdemeanor jurisdiction under 18 U.S.C. § 3401, the Magistrate Judge may not enter an order of contempt. Rather, the Magistrate Judge must proceed under 28 U.S.C. § 636(e)(6)(B), which provides as follows:

> "[T]he magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish

such person in the same manner and to the same extent as for a contempt committed before a district judge."

Civil contempt must be established by clear and convincing evidence. *Glover v. Johnson*, 138 F.3d 229, 244 (6th Cir. 1998). Where it is established that a party has violated a court order, the burden shifts to that party to show an inability to comply. *United States v. Rylander*, 460 U.S. 752, 757 (1983).

Criminal contempt is governed by 18 U.S.C. § 401, which provides as follows:

A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as--

(1) Misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice;

(2) Misbehavior of any of its officers in their official transactions;

(3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command.

In order to establish guilt under § 401(3), it must be established beyond a reasonable doubt that (1) the defendant had notice of the court orders at issue; (2) the court orders at issue were specific, clear, and unequivocal; (3) the defendant violated or disobeyed the court orders; and (4) the defendant did so willfully. *Downey v. Clauder*, 30 F.3d 681, 686 (6th Cir. 1994).

## II.   CERTIFICATION OF FACTS

(1) On July 11, 2019, Defendant issued a subpoena to testify at a deposition to Dr. Farooki, pursuant to Fed.R.Civ.P. 45 [ECF No. 28-3, PageID.438], along with a Notice of Deposition of Dr. Farooki's records custodian, setting a deposition date of August 15, 2019, and requesting the production of Plaintiff's complete medical file. [ECF No. 28-3, PageID.441-443].

(2) The subpoena to Dr. Farooki and the deposition notice were personally served on Front Desk Clerk Layla B. at Dr. Farooki's place of business, 20475 W. 10 Mile Rd., #100, Southfield, Michigan 48025, on July 25, 2019 at 9:50 a.m.

(3) Defendant similarly served a subpoena to testify and notice of deposition (with document request) on Silver Pine Imaging, whose business address is 20475 W. Ten Mile Road, Suite 100, Southfield, MI, the same address at which Dr. Farooki was served.  The same individual, Lalya B., accepted service.

(4) Neither Dr. Farooki, his custodian of records, nor the custodian of records of Silver Pine Imaging appeared at the deposition on August 15, 2009.  Plaintiff's medical records were not produced.

(5) Defendant sent Dr. Farooki and Silver Pine Imaging copies of the motions for order to show cause [ECF Nos. 26 and 28],by certified mail.  The Court mailed Dr. Farooki and Silver Pine Imaging a notice of the October 29, 2019 hearing.

(6) Neither Dr. Farooki, his records custodian, nor the records custodian for Silver Pine Imaging appeared at the October 29, 2019 hearing.

(7) On October 29, 2019, the Court entered an order [ECF No. 40] granting the Defendants' motion for order to show cause. Finding that service of the Rule 45 subpoenas was sufficient, the Court found as follows:

> "Service of a subpoena under Rule 45 must be "made in a manner designed to reasonably insure actual receipt of the subpoena by the witness." *Franklin v. State Farm Fire & Cas. Co.*, 2009 WL 3152993 (E.D. Mich. 2009).  Here, service of the subpoena by hand-delivery to Layla B. (who apparently refused to divulge her surname), the front-desk receptionist/employee of Dr. Farooki and Silver Pine Imaging, is sufficient service under Rule 45, and additional notice of the subpoena and document request was given by certified mailing, along with the present motion. *See Oceanfirst Bank v. Hartford Fire Insurance Company*, 794 F.Supp.2d 752, 754 (E.D. Mich. 2011).  Moreover, the Court mailed the notice of hearing to Dr. Farooki and to Silver Pine Imaging." ECF No. 40, PageID.595-96.

(8) Specifically, the Court ordered as follows:

> "Accordingly, IT IS ORDERED that Dr. Aamer Farooki and his records custodian, and the records custodian of Silver Pine Imaging will appear before this Court on Friday, November 8, 2019, 11:15 a.m., at Courtroom 104, Theodore Levin U.S. Courthouse, 231 W. Lafayette Blvd., Detroit, MI 48226, and show cause why they should not be held in contempt of court.
>
> IT IS FURTHER ORDERED that Dr. Aamer Farooki and his records custodian, and the records custodian of Silver Pine Imaging will produce at the show cause hearing any and all documentation regarding Plaintiff Trivly Dobbins, including all medical records, documents, correspondence (including emails), notes, billing records and other documents of any type within his/her/their possession in any way relating to Plaintiff Trivly Dobbins.

> IT IS FURTHER ORDERED that Defendant's attorney will serve a copy of this Order on Dr. Aamer Farooki and his records custodian and on Silver Pine Imaging by certified mail, return receipt requested.
>
> If Dr. Aamer Farooki and his records custodian and the records custodian of Silver Pine Imaging fail to appear at the show cause hearing, he/she/they may be sanctioned for contempt of court. Sanctions may include monetary penalties as well as jail."

(9) Pursuant to the Court's order [ECF No. 40], the Defendants mailed a copy to Dr. Farooki and Silver Pine Imaging. The Court Clerk also mailed a copy of the Order to Dr. Farooki and to Silver Pine Imaging.

(10) Neither Dr. Farooki, his records custodian, nor the records custodian for Silver Pine Imaging appeared at the November 8, 2019 hearing and no records were produced.

### III. DISCUSSION

"In a civil contempt proceeding, the petitioner must prove by clear and convincing evidence that the respondent violated the court's prior order." *Glover v. Johnson*, 934 F.2d 703, 707 (6th Cir. 1991). Where it is established that a party has violated a court order, the burden shifts to that party to show an inability to comply. *United States v. Rylander*, 460 U.S. 752, 757 (1983).

The power of federal courts to punish for criminal contempt based on failure to comply with court orders is governed by 18 U.S.C. § 401 (3):

> "A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as—

> (3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command"

"To warrant the imposition of criminal contempt sanctions, a party must willfully violate a specific, clear, and unequivocal court order." *Downey v. Clauder*, 30 F.3d 681, 686 (6th Cir. 1994) (citing *United States v. West*, 21 F.3d 607, 609 (5th Cir. 1994)). The elements of criminal contempt under 18 U.S.C. § 401(3) are that the accused: "(1) had notice of a reasonably specific court order, (2) disobeyed it, and (3) acted with intent or willfulness in doing so." *United States v. Hendrickson*, 822 F.3d 812, 820-21 (6th Cir. 2016) (citation omitted). "For purposes of criminal contempt, 'willfulness' means 'a deliberate or intended violation, as distinguished from an accidental, inadvertent or negligent violation' of a court order." *Id*. at 822.

First, Dr. Farooki and the records custodians failed to comply with or respond to a properly served subpoena for records and for deposition. Then, they failed to appear, personally or through counsel, at the October 29, 2019 hearing on Defendants' motion for a show cause order. Finally, and most troubling, they failed to appear as ordered at the show cause hearing scheduled for November 8, 2019, despite the explicit warning that their failure to do so could result in contempt of court sanctions. It is difficult to characterize their brazen disregard of this Court's orders as anything but willful. There is a basis, therefore, for both civil and criminal contempt sanctions.

## IV. CONCLUSION

I therefore recommend as follows:

(1) That Dr. Farooki, his records custodian, and the records custodian of Silver Pine Imaging be ordered to appear before the Honorable Paul D. Borman on a day certain to be set by the Court, to show cause why they should not be adjudged in contempt by reason of the facts certified in this Report and Recommendation;

(2) If the Court finds by clear and convincing evidence that Dr. Farooki, his records custodian, and the records custodian of Silver Pine Imaging knowingly and willfully violated an order of the Court, that they be adjudged in civil contempt and sanctioned as the Court deems appropriate;

(3) That Dr. Farooki, his records custodian, and the records custodian of Silver Pine Imaging be provided with notice of criminal contempt, as provided in Fed.R.Cr.P. 42(1), and that the Court conduct criminal contempt proceedings as set forth in Fed.R.Civ.P. 42.

Defendants' counsel will forthwith serve copies of this Report and Recommendation on Dr. Farooki, his records custodian, and the records custodian of Silver Pine Imaging by certified mail, return receipt requested, and also by posting a copy of the Report and Recommendation at their business address. The Clerk's Office will mail a copies of this Report and Recommendation to Dr. Farooki, his records custodian, and the records custodian of Silver Pine Imaging.

Any objections to this Report and Recommendation must be filed within 14 days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).

Within 14 days of service of any objecting party's timely filed objections, the opposing party may file a response. The response must address specifically, and in the same order raised, each issue contained within the objections.

Dated: November 12, 2019                s/R. Steven Whalen
                                        R. STEVEN WHALEN
                                        UNITED STATES MAGISTRATE JUDGE

## CERTIFICATE OF SERVICE

      I hereby certify on November 12, 2019 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants November 12, 2019.

                                                s/Carolyn M. Ciesla  
                                                Case Manager for the  
                                                Honorable R. Steven Whalen