UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRIVLY DOBBINS,

          Plaintiff,

v.

NATIONAL UNION FIRE
INSURANCE COMPANY OF
PITTSBURGH, PA.,

          Defendant.
_____/

Case No. 19-cv-10546

Paul D. Borman
United States District Judge

Steven R. Whalen
United States Magistrate Judge

## OPINION AND ORDER:

### (1) OVERRULING NONPARTIES AAMER FAROOKI, M.D./RECORDS CUSTODIAN'S AND SILVER PINE IMAGING/RECORDS CUSTODIAN'S OBJECTIONS;

### (2) ADOPTING THE MAGISTRATE JUDGE'S NOVEMBER 12, 2019 REPORT AND RECOMMENDATION;

### (3) ORDERING NONPARTIES DR. AAMER FAROOKI AND SILVER PINE IMAGING/ SAHAR JIRJISE TO APPEAR BEFORE THIS COURT ON FEBRUARY 27, 2020 AT 9:00 A.M. TO SHOW CAUSE WHY THEY SHOULD NOT BE ADJUDGED IN CONTEMPT; AND

### (4) ORDERING NONPARTIES DR. AAMER FAROOKI AND SILVER PINE IMAGING/SAHAR JIRJISE TO BRING A COPY OF THE RECORDS SUBJECT TO SUBPOENA TO THE FEBRUARY 27, 2020 HEARING AND TO BE PREPARED TO BE DEPOSED

This case relates to a claim for personal injury protection benefits allegedly arising from a motor vehicle accident involving a bus owned by Defendant's insured

that Plaintiff was allegedly occupying on February 15, 2018. In the course of investigating and evaluating Plaintiff's claims, Defendant issued two subpoenas duces tecum and accompanying notices of deposition to Plaintiff's claimed treaters, Silver Pine Imaging, LLC ("Silver Pine Imaging") and Dr. Aamer Farooki. Following non-parties Silver Pine Imaging's and Dr. Farooki's failure to comply with or respond to the subpoenas for records and notices of deposition, and failure to appear, personally or through counsel, at two subsequent show cause hearings as ordered by the Court, Magistrate Judge Steven R. Whalen issued a Report and Recommendation that Dr. Farooki and a records custodian for Silver Pine Imaging be ordered to appear before this Court to show cause why they should not be adjudged in contempt of Court. (ECF No. 42, Report and Recommendation.) Non-parties Dr. Farooki and Silver Pine Imaging have filed Objections to the Report and Recommendation, and Defendant has filed a Response to the non-parties' Objections.

For the reasons that follow, the Court OVERRULES non-parties Dr. Farooki's and Silver Pine Imaging's Objections, ADOPTS the Magistrate Judge's November 12, 2019 Report and Recommendation, ORDERS non-parties Dr. Farooki and Silver Pine Imaging/Sahir Jirjise to appear before this Court in Room 717 of the Theodore Levin Federal Courthouse at 231 W. Lafayette Blvd., Detroit, Michigan 48226 on **Thursday, February 27, 2020, at 9:00 a.m.**, and show cause

2

why they should not be adjudged in contempt, both civilly and criminally, and ORDERS Dr. Farooki and Silver Pine Imaging/Sahir Jirjise to bring to the Court a copy of the documents responsive to the Subpoenas/Notices of Deposition, and to be prepared to be deposed in this matter following the hearing on **Thursday, February 27, 2020,** or at a date, time and location chosen by Defendant.

## I. BACKGROUND

On July 11, 2019, Defendant issued two subpoenas to testify at a deposition, along with accompanying notices of deposition duces tecum requesting the production of Plaintiff's complete medical file and setting a deposition date of August 15, 2019, to: (1) the Records Custodian of Silver Pine Imaging (ECF Nos. 26-3, 26-4); and (2) the Records Custodian of Dr. Aamer Farooki (ECF Nos. 28-3, 28-4). Both subpoenas were personally served on Front Desk Clerk "Layla B." on July 25, 2019 at 9:50 a.m., at 20475 W. 10 Mile Rd., #100, Southfield, Michigan 48025, the address for Silver Pine Imaging and presumably Dr. Farooki's place of business. Neither Dr. Farooki, his records custodian, nor the custodian of records for Silver Pine Imaging appeared at the August 15, 2019 deposition. And, Plaintiff's medical records were not produced by that date.

Defendant then filed two Motions for Order to Show Cause, for Dr. Farooki (ECF No. 28) and for Silver Pine Imaging (ECF No. 26), and both motions were noticed for hearing before Magistrate Judge Whalen on October 29, 2019. (ECF No.

3

33.) The motions and notice of hearing were mailed to Dr. Farooki and Silver Pine Imaging at the same above address. Neither Dr. Farooki, his records custodian, nor the records custodian for Silver Pine Imaging appeared at the October 29, 2019 hearing.

The Court issued an Order that same day granting Defendant's motions to show cause and ordering Dr. Farooki, his records custodian and the records custodian for Silver Pine Imaging to appear on November 8, 2019 to show chase why they should not be held in contempt of court, and to produce at the hearing all records subject to subpoena. (ECF No. 40.) The Order expressly warned Dr. Farooki and Silver Pine Imaging that if they failed to appear at the November 8th hearing, "he/she/they may be sanctioned for contempt of court" and that "[s]anctions may include monetary penalties as well as jail." (*Id.*) This Order was mailed to the same Southfield address. Neither Dr. Farooki, his records custodian, nor the records custodian for Silver Pine Imaging appeared at the November 8, 2019 hearing.

Accordingly, on November 12, 2019, Magistrate Judge Whalen entered a Report and Recommendation, recommending that Dr. Farooki, his records custodian, and the records custodian for Silver Pine Imaging be ordered to appear in this Court on a date certain to show cause why an order of contempt and other sanctions should not be entered against them. In his Report and Recommendation, Judge Whalen made the following Certification of Facts, which the Court adopts:

4

(1) On July 11, 2019, Defendant issued a subpoena to testify at a deposition to Dr. Farooki, pursuant to Fed.R.Civ.P. 45 [ECF No. 28-3, PageID.438], along with a Notice of Deposition of Dr. Farooki's records custodian, setting a deposition date of August 15, 2019, and requesting the production of Plaintiff's complete medical file. [ECF No. 28-3, PageID.441-443].

(2) The subpoena to Dr. Farooki and the deposition notice were personally served on Front Desk Clerk Layla B. at Dr. Farooki's place of business, 20475 W. 10 Mile Rd., #100, Southfield, Michigan 48025, on July 25, 2019 at 9:50 a.m.

(3) Defendant similarly served a subpoena to testify and notice of deposition (with document request) on Silver Pine Imaging, whose business address is 20475 W. Ten Mile Road, Suite 100, Southfield, MI, the same address at which Dr. Farooki was served. The same individual, Lalya [sic] B., accepted service.

(4) Neither Dr. Farooki, his custodian of records, nor the custodian of records of Silver Pine Imaging appeared at the deposition on August 15, 2009. Plaintiff's medical records were not produced.

(5) Defendant sent Dr. Farooki and Silver Pine Imaging copies of the motions for order to show cause [ECF Nos. 26 and 28],by certified mail. The Court mailed Dr. Farooki and Silver Pine Imaging a notice of the October 29, 2019 hearing.

(6) Neither Dr. Farooki, his records custodian, nor the records custodian for Silver Pine Imaging appeared at the October 29, 2019 hearing.

(7) On October 29, 2019, the Court entered an order [ECF No. 40] granting the Defendants' motion for order to show cause. Finding that service of the Rule 45 subpoenas was sufficient, the Court found as follows:

> Service of a subpoena under Rule 45 must be "made in a manner designed to reasonably insure actual receipt of the subpoena by the witness." *Franklin v. State Farm Fire & Cas. Co.*, 2009 WL 3152993 (E.D. Mich. 2009). Here, service of the subpoena by hand-delivery to Layla B. (who

5

apparently refused to divulge her surname), the front-desk receptionist/employee of Dr. Farooki and Silver Pine Imaging, is sufficient service under Rule 45, and additional notice of the subpoena and document request was given by certified mailing, along with the present motion. *See Oceanfirst Bank v. Hartford Fire Insurance Company*, 794 F.Supp.2d 752, 754 (E.D. Mich. 2011). Moreover, the Court mailed the notice of hearing to Dr. Farooki and to Silver Pine Imaging." ECF No. 40, PageID. 595-96.

(8) Specifically, the Court ordered as follows:

"Accordingly, IT IS ORDERED that Dr. Aamer Farooki and his records custodian, and the records custodian of Silver Pine Imaging will appear before this Court on Friday, November 8, 2019, 11:15 a.m., at Courtroom 104, Theodore Levin U.S. Courthouse, 231 W. Lafayette Blvd., Detroit, MI 48226, and show cause why they should not be held in contempt of court.

IT IS FURTHER ORDERED that Dr. Aamer Farooki and his records custodian, and the records custodian of Silver Pine Imaging will produce at the show cause hearing any and all documentation regarding Plaintiff Trivly Dobbins, including all medical records, documents, correspondence (including emails), notes, billing records and other documents of any type within his/her/their possession in any way relating to Plaintiff Trivly Dobbins.

IT IS FURTHER ORDERED that Defendant's attorney will serve a copy of this Order on Dr. Aamer Farooki and his records custodian and on Silver Pine Imaging by certified mail, return receipt requested.

If Dr. Aamer Farooki and his records custodian and the record custodian of Silver Pine Imaging fail to appear at the show cause hearing, he/she/they may be sanctioned for contempt of court. Sanctions may include monetary penalties as well as jail."

6

(9) Pursuant to the Court's order [ECF No. 40], the Defendants mailed a copy to Dr. Farooki and Silver Pine Imaging. The Court Clerk also mailed a copy of the Order to Dr. Farooki and to Silver Pine Imaging.

(10) Neither Dr. Farooki, his records custodian, nor the records custodian for Silver Pine Imaging appeared at the November 8, 2019 hearing and no records were produced.

(Report and Recommendation at 4-6, PgID 603-05.)

The Court then made the following RECOMMENDATIONS:

(1) That Dr. Farooki, his records custodian, and the records custodian of Silver Pine Imaging be ordered to appear before the Honorable Paul D. Borman on a day certain to be set by the Court, to show cause why they should not be adjudged in contempt by reason of the facts certified in this Report and Recommendation;

(2) If the Court finds by clear and convincing evidence that Dr. Farooki, his records custodian, and the records custodian of Silver Pine Imaging knowingly and willfully violated an order of the Court, that they be adjudged in civil contempt and sanctioned as the Court deems appropriate; [and]

(3) That Dr. Farooki, his records custodian, and the records custodian of Silver Pine Imaging be provided with notice of criminal contempt, as provided in Fed.R.Cr.P. 42(1), and that the Court conduct criminal contempt proceedings as set forth in Fed.R.Civ.P. 42.

(*Id.* at 8, PgID 607.)

## II. STANDARD OF REVIEW

Where a party has objected to portions of a Magistrate Judge's Report and Recommendation, the Court conducts a *de novo* review of those portions. Fed. R. Civ. P. 72(b); *Lyons v. Comm'r of Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich.

7

2004). Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (internal quotation marks and citation omitted). "A non-specific objection, or one that merely reiterates arguments previously presented, does not adequately identify alleged errors on the part of the magistrate judge and results in a duplication of effort on the part of the district court: "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless." *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Specific objections enable the Court to focus on the particular issues in contention. *Id.* An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Id.* Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them and runs contrary to the purposes of the Magistrates Act." *Id.*

## III. ANALYSIS

After receiving the November 12, 2019 Report and Recommendation, Silver Pine Imaging and Dr. Farooki retained counsel. On December 9, 2019, Dr. Farooki and Silver Pine Imaging filed Objections to the Magistrate Judge's Report and Recommendations. (ECF No 48, Objection.). They argue that contempt proceedings and sanctions are not warranted because they claim that Dr. Farooki never had notice of the subpoena or Court Orders and that any violation of the subpoena and Court Orders by Silver Pine Imaging was "merely negligent or accidental." (*Id.* at 7, PgID 758.) For the reasons set forth below, the Court finds that these objections lack merit and will therefore adopt the Report and Recommendation.

### A. First Objection – Dr. Farooki

Dr. Farooki argues that the Magistrate Judge erred when he found that "service of the subpoena to Layla B, the front desk receptionist employee of Dr. Farooki and Silver Pine Imaging, is sufficient service under Rule 45, and additional notice of the subpoena and document request was given by certified mailing...." (Objection at 8-9, PgID 759-60, citing Report and Recommendation at 5, PgID 604.) Dr. Farooki contends that "Layla B." is not his employee and that he is not employed by Silver Pine Imaging. (*Id.* at 9, PgID 760.) Dr. Farooki states that his residence and place of business is in Pennsylvania and that he is merely an independent contractor with Silver Pine Imaging who reads and interprets MRIs provided to him

9

at his office in Pennsylvania. (*Id.*) He claims he was not personally served with the subpoena or any Court Order, which were only served on Silver Pine Imaging, and that no one at Silver Pine Imaging ever provided him with the subpoena or the Magistrate Judge's October 29, 2019 Order to Show Cause. (*Id.* at 9-10, PgID 760-61; ECF No. 48-1, Farooki Affidavit.) He contends that he therefore cannot be found in contempt. (*Id.*)

Defendant responds that Dr. Farooki "transact[s] business" at the Silver Pine Imaging location "by providing the radiologist interpretation that completes the service provided by Silver Pine Imaging" at that location. (Def.'s Resp. at 4, PgID 839.) Defendant contends that Dr. Farooki has been repeatedly identified with the Silver Pine Imaging location by online physician reference services and in litigation documents. (*Id.*; ECF No. 55-2, Exhibit 2.) Defendant concludes that service of the Subpoena at the Silver Pine Imaging location therefore "reasonably ensure[s] actual receipt of the subpoena by the witness." (*Id.*) Defendant continues that the fact that Silver Pine Imaging "never communicated that it was not able to accept service on behalf of Dr. Farooki" further reinforces that service was proper. (*Id.*)

The Court agrees that service of the Subpoena on the front-desk receptionist at Silver Pine Imaging, where Dr. Farooki admittedly regularly transacts business as a diagnostic radiologist for Silver Pine Imaging, is sufficient service "reasonably calculated to achieve actual delivery" to Dr. Farooki. Similarly, service of the

10

Court's Orders to Dr. Farooki at the Silver Pine Imaging address constitutes sufficient notice. Sahar Jirjise's statements, as Silver Pine Imaging's "practice manager/records custodian," that Silver Pine Imaging never provided Dr. Farooki with a copy of the Subpoena or the Order to Show Cause will be addressed at the hearing scheduled for **Thursday, February 27, 2020 at 9:00 a.m**. Accordingly, Dr. Farooki's objections to the Magistrate Judge's Report and Recommendation are OVERRULED.

### B. Second Objection – Silver Pine Imaging

Silver Pine Imaging argues only that "there was no willful and/or intentional violation of the Magistrate[ Judge's] October 29, 2019 Order to Show Cause" and that it "provided all of the Plaintiff's medical records to Defendant's counsel upon being served the Motion for an Order to Show Cause on October 29, 2019." (Objection at 10, PgID 761.) Silver Pine Imaging admits that Defendant served the subpoena and notice of deposition on it and its business address but that no one from Silver Pine Imaging appeared at the August deposition and that it did not produce any records at that time. (*Id.* at 4, PgID 755.) While Silver Pine Imaging claims that it did eventually provide Defendant's counsel with the requested records after it received the notice of show cause hearing, it admits that it did not appear for either the October 29 or November 8, 2019 hearings before Magistrate Judge Whalen despite receiving both Court Orders to appear. (*Id.* at 4-5, PgID 755-56.) Silver

11

Pine Imaging claims only that it did not "willfully violate a subpoena or Court Order in this case" but was under the "mistaken belief that by providing Plaintiff's medical records at issues [sic] they had no further Court ordered obligations." (*Id.* at 6, PgID 757.) Silver Pine states that it "now knows better[.]" (*Id.*)

Defendant responds that Silver Pine Imaging's records custodian Sahar Jirjise's contention that her violation was "negligent or accidental," based upon her claimed "belief" that, despite the clear directives in the Subpoena and two Court Orders to appear, that "she did not believe [her] appearance before the Court or at a deposition was necessary," and that she instead only needed to (eventually) produce the requested records, is insufficient. (Def.'s Resp. at 5, PgID 840; ECF No. 48-2, Sahir Jirjise Aff. ¶ 2, PgID 769.) Defendant argues that Jirjise's claim "at the very least requires further proceedings to determine exactly how [the records custodian] could have such a belief." (Def.'s Resp. at 5, PgID 840.)

The Court agrees with Defendant. Silver Pine Imaging/Sahir Jirjise failed to comply with or respond to a properly served subpoena for records and for deposition, and inexplicably failed to appear, personally or through counsel, at the October 29, 2019 hearing on Defendant's motion for a show cause order and at the November 8, 2019 show cause hearing, despite a clear warning that failure to do so could result in contempt or court sanctions. As Magistrate Judge Whalen aptly stated, "[i]t is difficult to characterize their brazen disregard of this Court's orders as anything but

willful" and "[t]here is a basis, therefore, for both civil and criminal contempt sanctions." (Report and Recommendation at 7, PgID 606.) Accordingly, Silver Pine Imaging's objections are OVERRULED.

## IV. CONCLUSION

For all of the reasons stated above, the Court hereby OVERRULES Nonparty Silver Pine Imaging, LLC's and Dr. Aamer Farooki's Objections (ECF No. 48) and ADOPTS the Magistrate Judge's November 12, 2019 Report and Recommendation (ECF No. 42).

Accordingly, Dr. Aamer Farooki and Silver Pine Imaging, LLC's records custodian, Sahir Jirjise, are ORDERED to appear before this Court in Room 717 of the Theodore Levin Federal Courthouse at 231 W. Lafayette Blvd., Detroit, Michigan 48226 on **Thursday, February 27, 2020, at 9:00 a.m.**, and show cause why they should not be adjudged in contempt, both civilly and criminally.

Dr. Farooki and Silver Pine Imaging/Sahir Jirjise are also ORDERED to bring to the Court a copy of the documents responsive to the Subpoenas/Notices of Deposition, and to be prepared to be deposed in this matter following the hearing on **Thursday, February 27, 2020**, or at a date, time and location chosen by Defendant.

IT IS SO ORDERED.

Dated: 1-23-2020

Paul D. Borman
United States District Judge