UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TRIVLY DOBBINS, | Case No. 19-10546 |
| Plaintiff, | |
| v. | Paul D. Borman |
| | United States District Judge |
| GREYHOUND LINES, INC., | |
| NATIONAL UNION FIRE INS. | R. Steven Whalen |
| CO. OF PITTSBURGH, | United States Magistrate Judge |
| Defendant. | |
| _____/ | |

## **OPINION AND ORDER**

Before the Court is Defendant National Union Fire Insurance Co.'s April 30, 2020 Motion to Strike Plaintiff's Experts. (ECF No. 74). For the reasons set forth below, Defendant's motion to strike is **GRANTED.**

### I. BACKGROUND

In her initial disclosures, dated May 31, 2019, Plaintiff specifically listed Dr. Farooki, Dr. Martin B. Kornblum, and PA-C Bradley Coon (and any other medical providers) as expert witnesses. (ECF No. 74-2, PageID.1649-50). She indicated that these witnesses will be called upon to testify to injuries she sustained in the subject accident and the treatment plan devised to treat her injuries. (*Id.* at 1638, 1649-50). In her witness list, submitted August 2, 2019, Plaintiff listed Dr. Aamer Farooki and any and all physicians associated with Mendelson Kornblum Physical Therapy as witnesses. (ECF No. 74-3). At the end of the witness list, she noted

that "[t]reating physicians will testify as to their first-hand knowledge regarding care and treatment performed and may also be called upon to offer expert testimony." Plaintiff did not serve an expert report for any of these witnesses; the information above is the extent of her disclosure.

## II.  DISCUSSION

Fed. R. Civ. P. 26(a)(2) governs discovery practice related to expert witnesses. Rule 26(a)(2)(A) provides that "[i]n addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Rule 26(a)(2)(B), which would apply to retained experts, provides:

> "**(B) Witnesses Who Must Provide a Written Report.**
> Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report--prepared and signed by the witness--if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony."

Rule 26(a)(2)(C) governs witnesses who are not required to produce a report, and reads as follows:

> **(C) Witnesses Who Do Not Provide a Written Report.**
> Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:
>
> (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and

2

>> (ii) a summary of the facts and opinions to which the witness is expected to testify.

Plaintiff insists that a report under Rule 26(a)(2)(B) is not required because the physicians were treating physicians, not expert witnesses retained to provide expert testimony. (ECF No. 78, PageID.1954). Defendant takes the position that the physicians *were retained as experts*, but even if their testimony is not considered to be subject to the written report requirement, Plaintiff's simple summary of the topics to which they will testify is insufficient to fulfill her obligations under Rule 26(a)(2)(C). (ECF No. 74, PageID.1630-33).

Whether Plaintiff needed to provide an expert report under (B) or summary disclosure under (C) on the expert witnesses depends on the subject matter of the testimony. *Kassim v. United Airlines, Inc.*, 320 F.R.D. 451, 453 (E.D. Mich. 2017) (citing *Avendt v. Covidien Inc.,* 314 F.R.D. 547, 556–59 (E.D. Mich. 2016). It is "the substance of a treating physician's testimony, and not his or her status as a treating physician, determine whether a Rule 26(a)(2)(B) report will be required or whether a Rule 26(a)(2)(C) disclosure will suffice." *Avendt*, 314 F.R.D. at 556-57.

In *Fielden v. CSX Transportation, Inc.*, 482 F.3d 866 (6th Cir. 2007), the Sixth Circuit held that a treating physician could offer expert testimony without providing a written report, so long as the testimony related to his or her opinions as

to causation that were formed at the time of treatment, not at the request of counsel:

> Rule 26(a)(2)(B) by its terms provides that a party needs to file an expert report from a treating physician only if that physician was "retained or specially employed to provide expert testimony." In this case, Fielden did not retain Dr. Fischer for the purposes of providing expert testimony because *there is evidence that Dr. Fischer formed his opinions as to causation at the time that he treated Fielden and there is no evidence that Dr. Fischer formed his opinion at the request of Fielden's counsel.*

*Id.* at 869 (emphasis added).

Whether the proposed witnesses were "retained" or not is of no moment because Plaintiff's disclosures are insufficient either way. If Plaintiff's physicians were considered retained experts, Plaintiff failed to submit a Rule 26(a)(2)(B) report for any of the treating physicians that would permit her to offer their testimony on anything beyond diagnoses and treatment. And even if we assume they were treating physicians, not retained experts, the purported summary disclosures Plaintiff provided are not in accordance with Rule 26(a)(2)(C). Under Rule 26(a)(2)(C)'s considerably less extensive requirements, Plaintiff's assertion that the physicians will testify to the injuries sustained in the accident and to the treatment plan for those injuries is insufficient because it does not provide a summary of the facts and opinions to which the witnesses are expected to testify. Fed. R. Civ. P. 26(a)(2)(C).

4

> "[A] summary of opinions under Rule 26(a)(2)(C) means a brief account of the main opinions of the expert, and the opinions must state a view or judgment regarding a matter that affects the outcome of the case. A mere statement of the topics of the opinions is insufficient. Further, this Court finds that a summary of facts supporting those opinions under Rule 26(a)(2)(C) means a brief account of facts—only those on which the expert relied in forming his or her opinions—that states the main points derived from a larger body of information; merely stating the topic matters of facts relied upon does not suffice."

*Little Hocking Water Ass'n, Inc. v. E.I. DuPont de Nemours & Co.*, 2015 WL 1105840, at *9 (S.D. Ohio Mar. 11, 2015). The disclosures provided in May and August 2019 fail to include any summary of facts and opinions and simply constitute a statement of the topics.

The remedy for the failure to file the required expert report or summary disclosure is exclusion of the opinion testimony, unless Plaintiff can establish that the failure was either substantially justified or harmless. *Avendt*, 314 F.R.D. at 559 (citing Fed. R. Civ. P. 37(c)(1), providing that if a party fails to comply with Rule 26, "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless."). The Sixth Circuit has identified five factors to consider when assessing whether a party's omitted or late disclosure is "substantially justified" or "harmless": "'(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which

allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.'" *Howe v. City of Akron*, 801 F.3d 718, 747-48 (6th Cir. 2015) (quoting *Russell v. Abs. Collection Servs., Inc.*, 763 F.3d 385, 396-97 (4th Cir. 2014)). "'The exclusion of non-disclosed evidence is automatic and mandatory under Rule 37(c)(1) unless non-disclosure was justified or harmless.'" *Dickenson v. Cardiac & Thoracic Surgery of Eastern Tennessee*, 388 F.3d 976, 983 (6th Cir. 2004) (quoting *Musser v. Gentiva Health Services*, 356 F.3d 751, 758 (7th Cir. 2004)). "The party requesting exclusion under Rule 37(c)(1) need not show prejudice, rather the non-moving party must show that the exclusion was 'harmless' or 'substantially justified.'" *Saint Gobain Autover USA, Inc. v. Xinyi Glass North America, Inc.*, 666 F. Supp. 2d 820, 826 (N.D. Ohio 2009); *see also Roberts ex rel. Johnson v. Galen of Virginia, Inc.*, 325 F.3d 776, 782 (6th Cir. 2003) (quoting *Vance v. United States*, No. 98-5488, 1999 WL 455435, at *3 (6th Cir. June 25, 1999)).

Plaintiff did not address whether the failure to provide an expert report or proper disclosure was harmless or substantially justified. In this personal injury case, Defendant could not be surprised to find Plaintiff's treating physicians in her witness list, but may be surprised to learn of their opinions at some later stage in the litigation, given the non-disclosure. To cure this, time would have to be

6

allowed for Plaintiff to supplement her disclosure (a request she makes in a footnote in her response brief), and then to re-open discovery on this subject. A trial date has not yet been set, but allowing supplementation and more discovery would further delay trial in this case that has been pending since February 2019. And, notably, both the discovery (including expert discovery) and dispositive motion deadlines have long since passed. Finally, although this evidence is relevant to the issues in this case, Plaintiff's complete failure to offer a justification for her deficient disclosure weighs in favor of excluding expert testimony from the treating physicians.

Plaintiff has not met her burden of showing that her failure to comply with Rule 26(a)(2) was substantially justified or harmless. Accordingly, the Court will grant Defendant's Motion to strike Plaintiff's treating physicians as experts. Thus, the physicians will only be allowed to testify as fact witnesses under Rule 26(a)(1), and, as such, "will be limited to testifying as to the course of treatment and to what [they] directly observed while [Plaintiff] was under [their] care[,]" not to causation or any other expert opinions. *See McFerrin v. Allstate Prop. & Cas. Co.*, 29 F. Supp. 3d 924, 934 (E.D.Ky. 2014).

## III. CONCLUSION

Defendant's Motion to Strike Plaintiff's Experts (ECF No. 74) is **GRANTED**. Plaintiff's treating physicians may testify as fact witnesses only.[1]

**IT IS SO ORDERED**.

Date: September 4, 2020

s/R. Steven Whalen
R. Steven Whalen
United States Magistrate Judge

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on September 4, 2020 electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager

---

[1] Subject, of course, to any objection based on relevance or other evidentiary matters that may arise at trial.