UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TRIVLY DOBBINS, | Case No.: 19-10546 |
| Plaintiff, | |
| v. | Paul D. Borman |
| | United States District Judge |
| NATIONAL UNION FIRE INS. | |
| CO. of PITTSBURG, PA, | R. Steven Whalen |
| Defendant. | United States Magistrate Judge |
| _____/ | |

## **REPORT AND RECOMMENDATION**

Before the Court is Defendant National Union Fire Insurance Co.'s April 30, 2020 Motion to Dismiss, (ECF No. 73), which has been referred for a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B).  For the reasons discussed below, I recommend that the motion be **DENIED** as to the request for dismissal, but **GRANTED** as to lesser sanctions.[1]

---

[1] In *Vogel v. U.S. Office Products Co.*, 258 F.3d 509, 514-515 (6th Cir. 2001), the Sixth Circuit held that "[i]n determining whether a particular motion is dispositive, this court undertakes functional analysis of the motion's potential effect on litigation."  It could be argued that because I would impose a functionally non-dispositive sanction short of dismissal, I could proceed by Opinion and Order rather than Report and Recommendation.  However, in *United States v. Stone*, 2006 WL 2077579, at *2 (W.D. Mich. July 24, 2006), the Court found that it was the *potential effect* of a motion, not the ultimate decision that, under *Vogel*, controls whether it is dispositive or non-dispositive. ("It is immaterial that Judge Carmody's denial of Defendants' Motion for Stay of Civil Proceedings avoided any dispositive rulings on Plaintiff's request for a preliminary injunction. *Vogel's* functional analysis gauges the potential effect on the litigation, as opposed to what

## I.     BACKGROUND

Plaintiff Trivly Dobbins filed this personal injury case on February 22, 2019, and filed an amended complaint on July 29, 2019. (ECF No. 18). On July 9th, former defendant Greyhound Lines, Inc., filed a motion to compel answers to discovery against Plaintiff. (ECF No. 13). Greyhound withdrew its motion when Plaintiff submitted responses. (ECF No. 31, PageID.491). On September 9, 2019, Defendant National Union Fire Insurance Co., the remaining defendant, in turn filed a motion to compel because Plaintiff's responses were "vague, evasive, incomplete, and not in compliance with" the Federal Rules of Civil Procedure. (*Id.*). On October 15th, the Court entered a stipulation and order. Therein, Plaintiff agreed to provide "full and complete responses" to the discovery requests as set forth in the Order by October 29th. Defendant also withdrew its motion to compel. (ECF No. 36). On November 27, 2019, after a confrontation between the parties' attorneys at the time and place set for Plaintiff's deposition, Defendant filed a motion for protective order. (ECF No. 45). A non-party's attorney arrived at and was prepared to take part in Plaintiff's deposition; Defendant objected and the deposition did not take place. Defendant sought an order requiring Plaintiff to appear for her deposition at the courthouse in Detroit, MI and barring the

---

actually transpired."). I therefore proceed by Report and Recommendation under 28 U.S.C. § 636(b)(1)(B).

attendance of any non-parties or their representatives. The motion was granted as to barring non-parties and their representatives, but denied as to requiring that the deposition take place at the Court. (ECF No. 70). In addition to the relief requested regarding the deposition, Defendant requested an order dismissing the case because of Plaintiff's violation of the stipulation and order compelling her to provide full and complete answers to discovery. (ECF No. 45, PageID.628).

Defendant has now brought forth a motion to dismiss pursuant to Fed. R. Civ. P 37(b)(2) and 41(b). Defendant argues Plaintiff's supplemental responses to discovery that were forthcoming in October 2019 included a number of new claims and documents that should have been disclosed in Plaintiff's initial disclosures or in timely responses. Plaintiff also failed to disclose information and materials, the existence of which did not become known to Defendant until Plaintiff's March 4, 2020 deposition. (ECF No. 73, PageID.1348). Particularly troubling for Defendant is Plaintiff's assertion of over $38,000 in lost wages from Popeye's Chicken, but her failure to produce any documentation to support her claim. Up to that point, Plaintiff had only indicated that she was working as a self-employed caterer at the time of the accident. Defendant is also frustrated at the lack of documents they have received. At her deposition Plaintiff testified that she had tax documents for 2018 and 2019 that she would produce, but no documents were forthcoming because she now asserts she does not have possession of the

3

documents. (*Id.* at PageID.1349-54). Because of Plaintiff's failure to engage in discovery in good faith, and because of her failure to comply with the stipulated order, Defendant seeks dismissal of this lawsuit.

Plaintiff, on the other hand, insists that she has produced all documents in her possession and that she fully complied with the stipulated order. (ECF No. 77, PageID.1815-16).

## II. LEGAL PRINCIPLES

Fed.R.Civ.P. 37(b)(2) provides for sanctions where a party fails to comply with a discovery order. Such sanctions may include limiting the disobedient party's proofs or testimony, striking pleadings, monetary sanctions, and dismissing an action when it is the plaintiff who has failed to comply. The sanction imposed is vested in the court's discretion. *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643, 96 S.Ct. 2778, 49 L.Ed.2d 747, (1976); *Regional Refuse Systems, Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th Cir. 1988).

Dismissal is a severe sanction. Granting dispositive relief—either dismissal or default judgment—for failure to cooperate in discovery "is a sanction of last resort," and may not be imposed unless noncompliance was due to "willfulness, bad faith, or fault." *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990) (citations omitted). *See also Grange Mut. Cas. Co. v. Mack*, 270 Fed. Appx. 372, 376 (6th Cir. 2008) (explaining that default judgment [and by

4

implication dismissal of a complaint] is the court's most severe discovery sanction).

The Court's discretion is informed by the four-part test described in *Harmon v. CSX Transportation, Inc.*, 110 F.3d 364, 366–67 (6th Cir. 1997): (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed or defaulted party was warned that failure to cooperate could lead to dismissal or entry of default judgment; and (4) whether less drastic sanctions were imposed or considered before dismissal or default judgment was ordered. *See also Bank One of Cleveland, N.A. v. Abbe, supra* at 1073.

In addition, a complaint may be dismissed for failure to prosecute under Fed.R.Civ.P. 41(b). The factors a court must consider in such case are the same four as discussed above. *Knoll v. American Telephone & Telegraph Co.*, 176 F.3d 359, 363 (6th Cir. 1999).

### III.  DISCUSSION

#### A.  Willfulness, Bad Faith, or Fault

There appears to be a pattern of evasiveness and excuses from Plaintiff. It was not until a motion to compel was filed that Plaintiff first responded to discovery, and it was not until a second motion to compel was filed that Plaintiff provided more complete responses to that discovery. Defendant asserts that the

5

supplemental responses are still deficient.  It is concerning that new information continues to come to light even after Plaintiff's supplemental responses were served.

While it is not plain from the record that Plaintiff's actions are due to bad faith, it is clear that Plaintiff has and continues to delay discovery.  For example, it was not until her supplemental responses in October 2019 that she disclosed her claim for lost wages from Popeye's Chicken, a job she claims she was offered but could not take because of the subject accident.  Plaintiff still has not provided documentation to support her claim, and could not remember the correct name of the manager who offered the position.  And, it appears Plaintiff has made no attempt to obtain documents such as her tax returns, which can be obtained with reasonable effort.

While it is a close question on this factor, the delays and lack of effort on Plaintiff's part appear to be willful.  This factor weighs in favor of Defendant.

### B.  Prejudice to Defendant

A defendant in a civil case cannot mount an effective defense if not provided with discovery from the Plaintiff.  In *Harmon*, the Court noted that a party is prejudiced when "unable to secure the information requested" and "required to waste time, money, and effort in pursuit of cooperation which [the responding party] was legally obligated to provide." *Id*. 110 F.3d at 368.  The Defendant has

spent time and expense in order to obtain discovery, and the discovery period has now since closed. This factor weighs in favor of Defendant.

### C. Previous Warning and Lesser Sanctions

Although Defendant sought dismissal in an earlier motion (ECF No. 45), this Court has not previously warned Plaintiff that her case could be dismissed, let alone that she would be sanctioned for her less than diligent participation in discovery. Further, lesser sanctions have not yet been imposed. Therefore, I decline to recommend dismissal at this time.

However, lesser sanctions are appropriate. Plaintiff's disregard of her discovery obligations has created an unnecessary consumption of time and expense on the part of the Defendant, not to mention the strain it has put on this Court's resources. Fed. R. Civ. P. 37(b)(2)(C) provides that in addition to any other sanctions that may be imposed, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." *See also PML North America, LLC v. Hartford Underwriters Ins. Co.*, 2006 WL 3759914, at *6 (E.D. Mich. Dec. 20, 2006) (discussing district court's power to impose monetary sanctions under its inherent authority as well as Rule 37.).

I recommend that in lieu of dismissal, monetary sanctions be imposed against Plaintiff.

### IV. CONCLUSION

I recommend that insofar as Defendants request dismissal, their motion [ECF No. 73] be **DENIED**.

Instead, I recommend that as a motion for sanctions, it be **GRANTED IN PART**, and that the Court order the following:

(1) That pursuant to Fed. R. Civ. P. 37(b)(2)(C), Plaintiff be ordered to pay to Defendant its reasonable costs and attorney fees expended in bringing this motion.

(2) That Defendant submit a bill of costs to the Court, and that Plaintiff be given 14 days to file a response to the bill of costs.

(3) That within 14 days of a final order on the present motion, attorneys for the parties be ordered to meet and confer in person regarding Defendant's outstanding discovery requests, and that Plaintiff be ordered to fully respond to Defendant's outstanding discovery requests within 14 days after that meeting.

(4) That Plaintiff be warned in no uncertain terms that her failure to comply with the Court's order or with any discovery order *will* result in the dismissal of her complaint.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991); *United States v Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Date: September 9, 2020	s/R. Steven Whalen
	R. Steven Whalen
	United States Magistrate Judge

## CERTIFICATE OF SERVICE

  I hereby certify that a copy of the foregoing document was sent to parties of record on September 9, 2020 electronically and/or by U.S. mail.

                s/Carolyn M. Ciesla
                Case Manager