UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRIVLY DOBBINS,

      Plaintiff,                  No. 19-10546

v.                           District Judge Paul D. Borman
                                Magistrate Judge R. Steven Whalen

GREYHOUND LINES, INC.,

      Defendant.

_____ /

## REPORT AND RECOMMENDATION

Before the Court is Defendant National Union Fire Insurance Co. of Pittsburgh's  Notice of Non-Compliance with the Court's Order of September 30, 2020 and Request that the Court Determine Defendant's Bill of Costs [ECF No. 105]. In addition to a ruling on its Bill of Costs, Defendant also seeks dismissal of the complaint based on Plaintiff's non-compliance with this Court's previous discovery order. I therefore construe this as a motion to dismiss, and, pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that it be GRANTED and that Plaintiff's amended complaint be DISMISSED WITH PREJUDICE as to Defendant National Union Fire Insurance Co. of Pittsburgh. I further recommend that Defendant be

awarded costs in the amount of $3,466.25.

## I.   BACKGROUND

Plaintiff Trivly Dobbins filed this personal injury case on February 22, 2019, and filed an amended complaint on July 29, 2019. [ECF No. 18]. On April 30, 2020 Defendant file a Motion to Dismiss under Fed.R.Civ.P. 37(b)(2) [ECF No. 73], based on Plaintiff's non-compliance with this Court's discovery orders. On September 30, 2020, Judge Borman, accepting my Report and Recommendation, denied the motion to dismiss, but ordered Plaintiff to pay to Defendant its reasonable costs and attorney fees expended in bringing the motion, pursuant to Fed. R. Civ. P. 37(b)(2) [ECF No. 91]. The Court also ordered that Defendant submit a bill of costs within 14 days, and gave the Plaintiff 14 days to respond to the bill of costs. *Id.* The Court further ordered the parties to meet and confer within 14 days to discuss the outstanding discovery requests, and for the Plaintiff to "fully respond to Defendant's outstanding discovery requests within 14 days after that meeting." *Id.* Finally, the order warned, in bold-face type, "**Plaintiff is hereby warned that her failure to comply with this Order, or with any discovery order, will result in the dismissal of her complaint.**" *Id.*

Subsequently, on December 3, 2020, the Court granted Plaintiff's attorney's motion to withdraw, giving Plaintiff 30 days to obtain new counsel or to proceed

*pro se*. [ECF No. 103]. Plaintiff has not retained new counsel.

On January 8, 2021, Defendant filed the present Notice of Non-Compliance with the Court's Order of September 30, 2020 and Request that the Court Determine Defendant's Bill of Costs [ECF No. 105]. In this filing, Defendant also seeks dismissal of the complaint because to this date Plaintiff has not produced the discovery that was ordered. On January 11, 2021, I ordered Plaintiff to respond to Defendant's Notice no later than January 29, 2021 [ECF No. 109]. To date, Plaintiff has not filed a response.

## II.   STANDARD OF REVIEW

Fed.R.Civ.P. 37(b)(2) provides for sanctions where a party fails to comply with a discovery order. Such sanctions may include limiting the disobedient party's proofs or testimony, striking pleadings, monetary sanctions, and dismissing an action when it is the plaintiff who has failed to comply. The sanction imposed is vested in the court's discretion. *National Hockey League v. Metropolitan Hockey Club, Inc*., 427 U.S. 639, 643, 96 S.Ct. 2778, 49 L.Ed.2d 747, (1976); *Regional Refuse Systems, Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th Cir. 1988).

Dismissal is a severe sanction. Granting dispositive relief—either dismissal or default judgment—for failure to cooperate in discovery "is a sanction of last resort," and may not be imposed unless noncompliance was due to "willfulness,

bad faith, or fault." *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073

(6th Cir. 1990) (citations omitted). *See also Grange Mut. Cas. Co. v. Mack*, 270

Fed. Appx. 372, 376 (6th Cir. 2008) (explaining that default judgment [and by

implication dismissal of a complaint] is the court's most severe discovery

sanction).

      The Court's discretion is informed by the four-part test described in *Harmon

v. CSX Transportation, Inc.*, 110 F.3d 364, 366–67 (6th Cir. 1997): (1) whether

the party's failure is due to willfulness, bad faith, or fault; (2) whether the

adversary was prejudiced by the dismissed party's conduct; (3) whether the

dismissed or defaulted party was warned that failure to cooperate could lead to

dismissal or entry of default judgment; and (4) whether less drastic sanctions were

imposed or considered before dismissal or default judgment was ordered. *See also

Bank One of Cleveland, N.A. v. Abbe, supra* at 1073.

      In addition, a complaint may be dismissed for failure to prosecute under

Fed.R.Civ.P. 41(b).  The factors a court must consider in such case are the same

four as discussed above. *Knoll v. American Telephone & Telegraph Co.*, 176 F.3d

359, 363 (6th Cir. 1999).

### III.   DISCUSSION

### A.   Motion to Dismiss

### 1.   Willfulness or Bad Faith

In my previous Report and Recommendation [ECF No. 90], I noted that "[t]here appears to be a pattern of evasiveness and excuses from Plaintiff." ECF No. 90, PageID.2042. At that time, I said, "While it is a close question on this factor, the delays and lack of effort on Plaintiff's part appear to be willful. This factor weighs in favor of Defendant." *Id.*, PageID.2043. It is no longer a close question. In my previous Report and Recommendation [ECF No. 90] and in Judge Borman's order adopting the same [ECF No. 91], we re-set the discovery button, and gave the parties two weeks to work out any outstanding discovery issues. Plaintiff was represented by counsel at this time. And Plaintiff was very plainly warned, in bold-face type, that she would face dismissal of her complaint if she did not fully comply with her discovery obligations. More than 8 months have passed, and she still has not produced the requested discovery. Nor has she responded to the present motion. Her blatant disregard of this Court's orders can only be considered willful and in bad faith.

### 2.   Prejudice to the Defendant

A defendant in a civil case cannot mount an effective defense if not

provided with discovery from the Plaintiff.  In *Harmon*, the Court noted that a party is prejudiced when "unable to secure the information requested" and "required to waste time, money, and effort in pursuit of cooperation which [the responding party] was legally obligated to provide." *Id*. 110 F.3d at 368.  The Defendant has spent time and expense in order to obtain discovery, the discovery period has long since closed, and despite being ordered to do so, the Plaintiff has steadfastly refused to comply with her discovery obligations. This factor weighs in favor of Defendant.

### 3.    Previous Warning and Lesser Sanctions

In the Court's previous order [ECF No. 91], Plaintiff was spared dismissal but was given monetary sanctions. As noted above, she was also warned, in no uncertain terms, that her failure to comply with that order, or with any discovery order, would lead to dismissal of her complaint. This factor also weighs in the Defendant's favor.

Therefore, dismissal under Rule 37(b)(2) is appropriate. In addition, since her attorney withdrew, it appears that Plaintiff has effectively abandoned this case. Therefore, the complaint may also be dismissed for failure to prosecute,

pursuant to Rule 41(b).[1]

## B.    Bill of Costs

Having granted Defendant's motion for discovery sanctions to the extent

that Plaintiff was ordered to pay reasonable costs incurred in bringing that motion,

the Defendant was ordered to submit a bill of costs, which it has done in ECF No.

92. Defendant seeks $13,865.00, representing 59 hours of time at $235.00 per

hour.[2]

Under Rule 37, as well as this Court's order granting sanctions [ECF No.

91], Defendant is entitled to *reasonable* costs and attorney fees. " 'Judges use their

experience with the case and counsel, as well as their experience with the practice

of law, to assess the reasonableness of the hours spent and rates charged in

connection with a request for expense shifting sanctions.' " *Thomas v. Bannum*

*Place of Saginaw*, 421 F. Supp. 3d 494, 498 (E.D. Mich. 2019)(quoting Moore's

Federal Practice, § 37.23[8].  In addition, "Attorneys should not abandon

self-restraint or careful billing judgment in an expectation that the obligation to

---

[1] Rule 41(b) permits the Court to dismiss a case *sua sponte* for failure to prosecute. *Rogers v. City of Warren*, 302 F. App'x 371, 375 and n. 5 (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962)); *Johnson v. Cleveland Heights / Univ. Hts. Bd. of Ed.*, 66 F.3d 326, 1995 WL 527365, *2 (Table) (6th Cir.1995).

[2] The parties agree that costs were assessed against the Plaintiff herself, not Plaintiff's former counsel.

pay the fee will be shifted to the losing party." *Id*.

This Court has reviewed many attorney fee petitions involving discovery sanctions, and suffice it to say that $13,865.00 is a lot of money for a discovery motion. Now, the motion was prepared by experienced counsel and the claimed hourly rate of $235.00 is reasonable. And I recognize that Plaintiff's intransigence has created more work for the Defendant. Nevertheless, Defendant claims 10 hours for legal research; 18.5 hours to draft the motion; an additional 1.2 hours in subsequent legal research; and 8.4 hours to prepare for oral argument. I don't dispute that counsel actually expended those billable hours, but it is not reasonable to saddle Plaintiff with that amount when a competent and experienced attorney should be able to accomplish these tasks in considerably less time. As the Court stated in *King World Productions, Inc. v. Financial News Network, Inc.,* 674 F.Supp. 438, 440 (S.D.N.Y.1987), "While parties to a litigation may fashion it according to their purse and indulge themselves and their attorneys ... they may not foist these extravagances upon their unsuccessful adversaries." *See also Shields v. Merchants and Medical Credit Corp., Inc*., 2011 WL 3566485, *6 (E.D.Mich. 2011).

Therefore, this fee petition must be reduced, and in trimming an excessive number of hours from a lengthy fee petition, a court is not required to undertake a

line-by-line analysis, or as I put it in *Saieg v. City of Dearborn*, 2012 WL 787261, *5 (E.D. Mich. 2012), "to dissect [a] fee petition with the gimlet eye of a tax accountant." Where, as here, there is a voluminous fee application or time sheet, the court "is not required to set forth an hour-by-hour analysis of the fee request" in reducing the fees. *Jacobs v. Mancuso,* 825 F.2d 559, 562 (1st Cir.1987). *See also In re 'Agent Orange' Product Liability Litigation,* 818 F.2d 226, 237-38 (2d Cir.1987) ("no item-by-item accounting of the hours disallowed is necessary or desirable"); *Ohio-Sealy Mattress Mfg. Co. v. Sealy Inc.,* 776 F.2d 646, 657-58 (7th Cir.1985). Rather, "the district court has the authority to make across-the-board percentage cuts either in the number of hours claimed or in the final lodestar figure as a practical means of trimming the fat from a fee application." *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir.1992)(internal quotation marks omitted). *See also Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998) (holding that "the court has discretion simply to deduct a reasonable percentage of the number of hours claimed 'as a practical means of trimming fat from a fee application.'") (internal citations omitted); *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1202 -1204 (10th Cir. 1986) (affirming a reduction in claimed fees by 77%, the court stated, "There is no requirement, either in this court or elsewhere,

that district courts identify and justify each disallowed hour.").[3]

Having reviewed the Bill of Costs, I find that a reduction of 75% of the claimed amount is reasonable, and Defendant should be awarded $3,466.25, payable by the Plaintiff.

## IV.    CONCLUSION

I recommend that Defendant National Union Fire Insurance Co. of Pittsburgh's  Notice of Non-Compliance with the Court's Order of September 30, 2020 and Request that the Court Determine Defendant's Bill of Costs [ECF No. 105], construed as a motion to dismiss, be GRANTED, and that this Defendant be DISMISSED WITH PREJUDICE.

I further recommend that Defendant be awarded $3,466.25, payable by the Plaintiff, as a Rule 37 discovery sanction.

Any objections to this  Report and Recommendation must be filed  within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505

---

[3] While these cases deal with post-judgment attorney fee petitions, the same methodology may be used for requests under Rule 37. In both cases, the operative principle is reasonableness.

(6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987)

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED   STATES   MAGISTRATE   JUDGE

Dated: June 1, 2021

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on June 1, 2021, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager to the
Hon. R. Steven Whalen

-11-